IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL,      No. CIV S-07-1514-MCE-CMK

    Plaintiff,

  vs.      ORDER

CALIFORNIA HIGHWAY PATROL, et al.,

    Defendants.

/

    Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 6), filed on December 7, 2007.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

1

1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. BACKGROUND

Plaintiff alleges the California Highway Patrol (CHP) and three of its officers have violated his First, Fourth, Fifth and Fourteenth Amendment rights. The basis for his claims arises from a traffic stop initiated by Officer Shouse on September 2, 2006, while plaintiff was proceeding southbound on Interstate 5 in Siskiyou County, California. Plaintiff alleges Officer Shouse did not have reasonable suspicion and/or probable cause to initiate the traffic stop, a violation of his Fourth Amendment right against unreasonable searches and seizures, and that Officer Shouse violated of his Fifth Amendment rights by failing to advise plaintiff of his Miranda[1] rights. In addition, plaintiff alleges the CHP, Officer Roberts, Officer Lopey, and Officer Shouse violated his right to privacy by maintaining a list of vehicles frequently operated in northern California which are licensed in Oregon, and retaliated against plaintiff for obtaining a dismissal of a prior citation for violation of the California Vehicle Code.[2]

Plaintiff's original complaint, which named the same defendants and raised the same claims as this amended complaint, was dismissed at screening for failing to state a claim. The undersigned found that plaintiff's Fifth Amendment Miranda claim, Fourth Amendment invasion of privacy claim, and First Amendment retaliation claims were not cognizable. However, plaintiff was allowed an opportunity to cure his Fourth Amendment search and seizure claims, which was also deficient. In an apparent attempt to cure the defects in his original

---

[1]  See Miranda v. Arizona, 384 U.S. 436 (1966).

[2]  Plaintiff also alleges several state law claims, which this court need not address at this time.

complaint, plaintiff filed this first amended complaint and restated all of his claims. Plaintiff's Fifth Amendment Miranda claim, and Fourth Amendment invasion of privacy claim are addressed in separate findings and recommendations, wherein the undersigned recommends these claims be dismissed. Plaintiff's Fourth Amendment search and seizure claim and First Amendment retaliation claim are addressed below.

## II.  DISCUSSION

### A.  Search and Seizure

The Fourth Amendment protects against unreasonable searches and seizures without probable cause. "This guarantee of protection against unreasonable searches and seizures . . . marks the right of privacy as one of the unique values of our civilization and, with few exceptions, stays the hands of the police unless they have a search warrant . . . on probable cause supported by oath or affirmation." McDonald v. United States, 335 U.S. 451, 453 (1948). "The Fourth Amendment is not, of course, a guarantee against *all* searches and seizures, but only against *unreasonable* searches and seizures." United States v. Sharpe, 470 U.S. 675, 682 (1985). "[T]he central concern of the Fourth Amendment is to protect liberty and privacy from arbitrary and oppressive interference by government officials." United States v. Ortiz, 422 U.S. 891, 895 (1975). However, "one's expectation of privacy in an automobile and of freedom in its operation are significantly different from the traditional expectation of privacy and freedom in one's residence." United States v. Martinez-Fuerte, 428 U.S. 543, 561 (1976).

"Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning" of the Fourth Amendment. Whren v. United States, 517 U.S. 806, 809-10 (1996). "An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." Id. at 810. "Under the Fourth Amendment, government officials may conduct an investigatory stop of a vehicle only if they possess 'reasonable suspicion: a particularized and objective basis for suspecting the particular person

stopped of criminal activity.'" United States v. Twilley, 222 F.3d 1092 (9th Cir. 2000) (quoting United States v. Thomas, 211 F.3d 1186, 1189 (9th Cir. 2000)).  Reasonable suspicion, not probable cause, is all that is required under the Fourth Amendment in the context of investigative traffic stops.  See United States v. Lopez-Soto, 205 F.3d 1101, 1105 (9th Cir. 2000).  "Reasonable suspicion is formed by 'specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.'"  Id. (quoting United States v. Michael R., 90 F.3d 340, 346 (9th Cir. 1996)).

Here, plaintiff alleges that Officer Shouse initiated the traffic stop without reasonable suspicion or probable cause to believe plaintiff was engaged in the commission of any crime.  Based on the facts plaintiff sets forth in his first amended complaint, it is not clear to the court whether or not Officer Shouse had the required reasonable suspicion to initiate the traffic stop prior to the stop, or whether reasonable suspicion was developed during the officer's questioning of plaintiff during the stop.  Plaintiff's allegations are contradictory in his complaint.

First plaintiff avers that after stopping plaintiff's vehicle

> Officer Shouse indicated that he had stopped Plaintiff because "vehicles with Oregon plates that are seen around the Hornbrook and Yreka area are put on a list maintained by Officer Roberts," and he then engaged in questioning the Plaintiff concerning a prior citation . . . alleging a violation of California Vehicle Code § 4000(a).

(First Amended Complaint ("FAC") at 3).

Later, plaintiff states that Officer Shouse "failed to articulate any reasons for the stop of Plaintiff that would indicate he believed at the time he initiated Plaintiff's detention that Plaintiff was engaged in criminal conduct."  (FAC at 10).

Although plaintiff's allegations appear to contradict his claim that Officer Shouse did not have reasonable suspicion prior to initiating the traffic stop, the court must liberally construe pleadings by pro se litigants.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (Pro se pleadings are held to a less stringent standard than those drafted by lawyers).  Construing the first

amended complaint liberally, the court finds that plaintiff states a claim against Officer Shouse for violation of his Fourth Amendment right against unreasonable searches and seizures.

### B. Retaliation

The First Amendment protects the right "to petition the Government for a redress of grievances." It also protects the right of access to the courts. See Lewis v. Casey, 518 U.S. 343 (1996). "The right of access to the courts and to petition the government includes the right to be free from retaliation for the exercise of such right." Berrios v. State Univ., 518 F. Supp. 2d 409, 417 (E.D.N.Y 2007). In order to show retaliation in violation of the First Amendment, a plaintiff must show that a government official took action that would chill or silence a person of ordinary firmness from future First Amendment activities. See Skoog v. County of Clackamas, 469 F.3d 1221 (9th Cir. 2006); Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999).

Plaintiff claims the defendant's action in issuing him a citation for violation of California Vehicle Code § 4000(a) was in retaliation for obtaining a dismissal of a prior citation. He states that "after expending a great deal of time, money and effort towards getting the first citation dismissed, [he] was then subjected to a duplication of that effort and expense a second time, along with the emotional distress and associated symtomology caused by the issuance of the second citation." He also states that the issuance of the second citation "was a deliberate attempt by the Defendants to chill Plaintiff's First Amendment rights to petition the government for redress of grievances, and access to the Courts by forcing Plaintiff to expend resources as discussed above."

Construing the first amended complaint liberally, the court finds that plaintiff states a claim against Officer Shouse for retaliation in violation of his First Amendment rights.

///

///

///

Further, the court concludes that it has subject matter jurisdiction and that the complaint is appropriate for service by the United States Marshal without pre-payment of costs. Plaintiff is cautioned that failure to comply with the requirements of this order may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall issue a summons in a civil case, the undersigned's new case documents, and an order setting this matter for an initial scheduling conference;

2. The Clerk of the Court shall send plaintiff the summons, one USM-285 forms, and a copy of the first amended complaint;

3. Within 15 days from the date of this order, plaintiff shall complete the summons by indicating the addresses of defendant Shouse and shall submit to the United States Marshal, at the address indicated below, the following documents:

    a. The completed summons;

    b. One completed USM-285 form for defendant Shouse;

    c. Two copies of the complaint; and

    d. One copy of the court's initial scheduling conference order issued herewith;

4. Within 20 days of the date of this order, plaintiff shall file a notice indicating that the documents described above have been submitted to the United States Marshal;

5. The United States Marshal is directed to serve all process without pre-payment of costs not later than 60 days from the date of this order, such service of process to be completed by serving a copy of the summons, complaint, and initial scheduling conference order on the defendant at the address provided by plaintiff; and

///

6.     The Clerk of the Court is directed to serve a copy of this order on the United States Marshal at 501 "I" Street, Sacramento, CA, 95814.


DATED: March 26, 2008

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE