IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL,

    Plaintiff,

  vs.

CALIFORNIA HIGHWAY PATROL, et al.,

    Defendants.

                             /

No. CIV S-07-1514-MCE-CMK

FINDINGS AND RECOMMENDATIONS

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Doc. 14). Plaintiff filed an opposition to the motion (Doc. 18).

**I.    BACKGROUND**

This case proceeds on plaintiff's first amended complaint (Doc. 6). Plaintiff is proceeding in this action in pro per and in forma pauperis. As plaintiff is proceeding in forma pauperis, the court was required to screen plaintiff's complaint. Upon screening, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2). The court found plaintiff's amended complaint

1

sufficiently stated a claim for violations of plaintiff's First Amendment (retaliation) and Fourth Amendment (search and seizure) rights.  It failed to state a claim, however, for a violation of his Fourth Amendment invasion of privacy claim and Fifth Amendment failure to advise claim. Accordingly, on May 5, 2008, the court issued an order dismissing his Fourth and Fifth Amendment claims for invasion of privacy and failure to advise, as well as dismissing defendants Roberts, Lopey, and the California Highway Patrol.  This case proceeds against defendant Shouse on plaintiff's federal claims of retaliation and violation of his rights against unreasonable search and seizure.  As the court is only exercising supplemental jurisdiction over plaintiff's state law claims, screening of those claims was unnecessary.  The defendant thereafter filed his motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, requesting the court dismiss several of plaintiff's state law claims for failure to state a claim and because defendant is immune.

**II.     MOTION TO DISMISS**

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct 2197 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).  Allegations of specific facts are not necessary so long as the statement of facts gives the defendant fair notice of what the claim is and

the grounds upon which it rests.  See id., Erickson, 127 S. Ct. at 2200.

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).  Finally, leave to amend must be granted ". . . [u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III.   DISCUSSION

Plaintiff's amended complaint sets forth six "state law pendent claims."  At issue here are four of plaintiff's state law claims: negligence, emotional distress, right to privacy, and malicious prosecution.[1]  Under his claim for willful negligence, plaintiff alleges defendant

> negligently and willfully violated the Constitution and laws of the United States, and of the State of California in order to improperly deprive Plaintiff of his personal freedom, to defame, harass, oppress, and annoy Plaintiff, and to subject him to retaliatory/ malicious prosecution.

First Amended Complaint (FAC) at 18.

Plaintiff's claim of negligent and/or willful infliction of emotional distress, alleges that defendant's conduct

///

---

[1] Two of plaintiff's state law claims are not at issue in this motion to dismiss: false arrest and false imprisonment.

1 | was willful, wanton, and/or negligent in that it was undertaken by them with reckless disregard and wanton indifference to the rights
2 | and privileges secured to Plaintiff by the Constitution and laws of the United States, and the State of California, was executed by
3 | abusing a position of authority and control over the Plaintiff, was calculated to cause, and in fact caused, intimidation and extreme
4 | emotional and psychological pain and distress to Plaintiff.

FAC at 21.

The claim for violation of plaintiff's right to privacy states the defendant

did improperly and illegally detain, arrest, and cause the imprisonment of Plaintiff as he traveled upon the highways of the State of California and the United States, and additionally subjected him to interrogation concerning his personal habits and search of his papers, thus invading his right to privacy as provided by Article I, Section 1 of the California Constitution.

FAC at 22.

Finally, plaintiff's claim of malicious prosecution states the defendant "without basis in probable cause, did improperly and illegally bring a criminal action against Plaintiff."

FAC at 23.

In addition, plaintiff alleges the defendant's actions were

willful, wanton, and undertaken . . . with reckless disregard and wanton indifference to the rights secured to Plaintiff by the Constitution and laws of the United States, and of the State of California, and was executed by abusing a position of authority and control over the Plaintiff, while being calculated to cause intimidation and emotional distress to Plaintiff.

FAC at 19. Plaintiff is therefore requesting exemplary and punitive damages.

    A.    MALICIOUS PROSECUTION

Defendant moves this court to dismiss the claim of malicious prosecution as he is immune from this type of claim under California Government Code § 821.6. Section 821.6 provides:

A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

4

1   Defendant Shouse is an officer with the California Highway Patrol. As such,
2 there is no question that he is a public employee. Plaintiff concedes that as to his state law claim
3 for malicious prosecution, defendant, acting within the scope of his employment as a peace
4 officer, is immune from liability. His claim for malicious prosecution should, therefore, be
5 dismissed.

6   B.   RIGHT TO PRIVACY

7   Defendant claims § 821.6 also applies to protect him from plaintiff's claim that he
8 violated plaintiff's right to privacy. He argues that § 821.6 immunity extends beyond malicious
9 prosecution and includes investigations as an essential step toward the institution of formal
10 proceedings.

11   Plaintiff argues that the immunity is not applicable here because his claim "does
12 not relate to the investigation of any ultimate criminal complaint filed . . . [but] rather it relates to
13 the illegal and improper acts by Shouse inflicted upon plaintiff's person . . . ." (Plaintiff's
14 Response (Doc. 18) at 2). In addition, plaintiff alleges that "if taken to its logical conclusion"
15 characterizing defendant's acts as investigatory "would immunize and legitimize such acts as
16 beating a suspect to obtain information or a confession, planting evidence, and willfully
17 falsifying police reports." (Id.). He also argues his right to privacy claim relates to defendant's
18 lack of reasonable suspicion or probable cause to initiate the traffic stop, detain him on the side
19 of the road, and examine his personal papers, especially in light of his express denial of consent.

20   Plaintiff's arguments are unpersuasive as to defendant's immunity from liability
21 on a state law theory. His arguments relate to defendant's liability under his federal claims
22 (violation of his Fourth Amendment rights of illegal search and seizure). Defendant does not
23 argue that plaintiff fails to state a claim for violation of his right to privacy, but that he is immune
24 from such a claim due to the investigatory nature of his acts as a public employee. Plaintiff
25 argues that § 821.6 immunity is not applicable to the conduct alleged in his complaint and that
26 the conduct is more analogous to an illegal search and physical intrusion into private matters by

5

the police.  However, § 821.6 liability is applicable to actions taken in the course or as a consequence of an investigation.  See Blankenhorn v. City of Orange, 485 F.3d 463, 487-88 (9th Cir. 2007) (holding § 821.6 does not confer immunity on the defendants from acts occurring during an arrest in contrast to acts occurring during an investigation).  Here, the acts plaintiff complains about are the defendant's acts of questioning and "snooping though his personal papers."  These are investigatory acts, not acts occurring during an arrest.  Even where the investigation does not culminate in a prosecution, immunity under § 821.6 extends to the investigatory acts.  See Richardson-Tunnell v. School Ins. Program for Employees (SIPE) 69 Cal. Rptr. 3d 176 (Cal. App. 2007).  Therefore, § 821.6 immunity applies to shield the defendant from plaintiff's claims relating to his investigation, including questioning plaintiff and examining his "personal papers."  Plaintiff's claim that his right to privacy was violated may relate to a measure of damages, if any, for any constitutional violation found.  However, as a separate claim, defendant is immune under § 821.6

### C. EMOTIONAL DISTRESS

Defendant again argues that he is immune under § 821.6 for plaintiff's claims of emotional distress.  He asserts that § 821.6 immunity has been applied to actions for intentional infliction of emotional distress arising out of alleged improper prosecution, and that the immunity bars plaintiff's claim for negligent and/or willful inflection of emotional distress.  He also contends that any claim premised on negligent investigation is also barred.

Plaintiff argues the immunity bar is inapplicable to his claims for emotional distress.  He cites two cases in support of his contention, McKay v. County of San Diego, 168 Cal. Rptr. 442 (Cal. App. 1980) and Sullivan v. County of Los Angeles, 117 Cal. Rptr. 241 (Cal. 1974).  Both of these cases are inapplicable to his argument as they are both related to liability for false imprisonment.  The defendant is not claiming immunity as to plaintiff's claims of false arrest or false imprisonment.  As to the claims for emotional distress, California courts have applied § 821.6 immunity to such claims.  See Scannell v. County of Riverside, 199 Cal. Rptr.

644, 608-09 (Cal. App. 1984). In <u>Scannell</u>, the California Court of Appeal stated that to "allow an intentional infliction of emotional distress cause of action . . . would permit public . . . employee immunity to be avoided simply by denominating the cause of action as one for intentional infliction of emotional distress rather than malicious prosecution." 199 Cal. Rptr. at 609. Similarly, allowing plaintiff's claims of emotional distress against defendant Shouse would be tantamount to allowing a claim for malicious prosecution, which plaintiff has already conceded defendant is immune from.

Plaintiff argues his emotional distress claim against defendant applies to the violation of all of his constitutional and statutory rights, "including the unlawful stop, detention, arrest, imprisonment, and interrogation of Plaintiff (notably without any warrant)." (Response at 2). However, as discussed above, plaintiff's claim of emotional distress may be relevant as a measure of damages if a constitutional violation is found. However, as a separate claim, defendant is immune under § 821.6.

Defendant also claims immunity from negligent infliction of emotional distress and/or negligent investigation. Plaintiff does not directly respond to defendant's claim of immunity for the negligence claims. However, it is clear to the court that defendant is immune against any claim of negligent investigation. See <u>Johnson v. City of Pacifica</u>, 84 Cal. Rptr. 246, 248-50 (Cal. App. 1970); <u>Jenkins v. County of Orange</u>, 260 Cal. Rptr. 645, 647-48 (Cal. App. 1989). As he is immune from claims of intentional infliction of emotional distress and negligent investigation, it appears clear the defendant is also immune from claims of negligent infliction of emotional distress. Plaintiff's contention that he suffered emotional distress due to defendants action again go more toward the measure of damages he can recover if constitutional violations are found.

       D.     NEGLIGENCE

As a stand alone claim, plaintiff alleges defendant was willfully negligent resulting in the improper deprivation "of his personal freedom" and with the intent "to defame,

harass, oppress, and annoy Plaintiff, and to subject him to retaliatory/malicious prosecution." (FAC at 18). Defendant argues that plaintiff's claim of negligence is based on the same facts giving rise to his false arrest and imprisonment claims, and that he cannot elevate an unreasonable arrest, detention or prosecution into a negligence action.  In support of this argument, defendant cites Menjivar v. City of Los Angeles, 2007 WL 4662062 (C.D. Cal. 2007). However, the court does not find this case applicable or persuasive.  Menjivar is a use of deadly force case wherein the plaintiff alleged, inter alia, negligence against both the city and the police officers in the use of excessive force.  The Court, relying on a California case, Munoz v. City of Union City, 16 Cal. Rptr. 3d 521 (Cal. App. 2004), dismissed the plaintiff's negligence claim "insofar as it alleges that '[t]he tactics of the police officers leading up to the shooting were negligent.'"  2007 WL 4662062 at *12.  The Menjivar court found the court in Munoz held "that law enforcement officers may not be held liable for ordinary negligence based on tactical decisions made in responding to public safety emergencies, e.g., decisions as to how to deploy officers, efforts made to defuse the situation, decision to approach suspects with weapons drawn."  Id.  There is no similarity in these cases to the claims raised in plaintiff's complaint. This is not case where officers had to make tactical decisions in response to a public safety emergency or to use deadly force in an attempt to apprehend a fleeing suspect.  Whether plaintiff will be able to prove the elements of his negligence claim is not before the court at this time. However, he is not prevented from attempting to do so because he raises multiple legal theories based on the same factual contentions.

      Defendant also contends plaintiff's claim of negligence as a stand alone claim is a duplication of his other claims and should therefore be dismissed.  He argues that pursuant to California's "primary rights" theory, under which the invasion of one primary right gives rise to a single cause of action, plaintiff cannot allege duplicative "causes of action."  See Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co., 21 Cal. Rptr. 2d 691 (Cal. 1993).

/ / /

The court does not find this argument persuasive.  Plaintiff may in fact have a "primary right" upon which this case may proceed.  However, that does not necessarily mean there is only one legal theory upon which recovery might be predicated.  The "primary rights" theory means that judgment on one legal theory bars a subsequent action by plaintiff based on the same injury but on a different legal ground for relief.  See Slater v. Blackwood, 126 Cal. Rptr. 225 (Cal. App. 1975).  However, it does not follow that a plaintiff cannot raise multiple legal theories in one case arising from one injury.

The factual questions at issue in this case are the same.  It follows, therefore, that if there was no illegal search and seizure, then plaintiff's Fourth Amendment claims will fail as will his negligence claim because he will be unable to prove a breach of duty.  However, this does not mean he is precluded from pleading multiple legal theories in his complaint.  The motion to dismiss on the basis of duplicity should be denied.

### E. PUNITIVE DAMAGES

Defendant is requesting the court strike plaintiff's request for punitive damages, pursuant to Federal Rule of Civil Procedure 12(f), because plaintiff's "allegations do not rise to the level of conduct to support a claim for punitive damages as required by case law." (Motion at 8).  Rule 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Defendant contends plaintiff's request for punitive damages does not meet the requirements under California Civil Code § 3294.  Section 3294(a) states:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

///

///

///

It goes on to define malice as:

> conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

Cal. Civ. Code § 3294(c)(1).  It also defines oppression as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3294(c)(2).

Defendant argues that plaintiff's factual allegations relating to his request for punitive damages are insufficient and conclusory.  He therefore argues the request for punitive damages should be stricken from each state claim.  Plaintiff contends he specifically included information and allegations which exemplified the wanton indifference defendant had in regards to his constitutional rights.  He claims he properly alleged that defendant acted deliberately, with full awareness of plaintiff's Constitutional rights, when he deliberately chose to illegally stop plaintiff.  He also argues that whether or not defendant's conduct rises to the level required for punitive damages is a question of fact for the trier of fact.

Reading the complaint liberally, as the court must with a pro se plaintiff, the undersigned finds plaintiff's claims of malice and/or oppression sufficient to survive a motion to strike.  Whether he will be able to prove that defendant's conduct was so egregious as to support a claim for punitive damages is not before the court.  However, he has specifically pleaded that defendant's conduct was

> willful, wanton, and undertaken . . . with reckless disregard and wanton indifference to the rights and privileges secured to Plaintiff . . . and was executed by abusing a position of authority and control over the Plaintiff, while being calculated to cause intimidation and emotional distress to Plaintiff, and was calculated to cause the obstruction of justice . . . .

(FAC at 19-20).

///

///

Accordingly, the motion to strike the claims for punitive damages should be denied and plaintiff should be allowed an opportunity to present his claim for punitive damages to a trier of fact.

### IV. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. The motion to dismiss (Doc. 14) be granted in part and denied in part;

2. Plaintiff's state law claims for malicious prosecution, right to privacy, emotional distress, and negligent investigation be dismissed as the defendant is immune from the prosecution of these claims pursuant to California Government Code § 821.6;

3. Plaintiff be allowed to proceed on his state law claim for negligence; and

4. Plaintiff be allowed to proceed on his claim for punitive damages.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 5, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE